*NOLTE & CO.* vs. *THEIR CREDITORS.*

A party who
furnishes mo     APPEAL from the court of the first district.
ney for the
payment of a
debt is not      MARTIN, J. delivered the opinion of the
subrogated to
the rights of court. We remanded this case, lately, with di-
who is paid.
rections to have the tableau amended accord-

ing to the opinion we then expressed.    *Vol* 6,

p. 168.

Miller, one of the former appellants, com-

plains that our directions have been misunder-

stood, and that as holder of a promissory note

of Banks, Miller *&* Kincaid, by those loaned

to Reynolds, and by him discounted *to* make

money to pay workmen employed by the latter

as undertaker of a house built for the insolvent,

he has not his proper place on the tableau.

Our opinion declares that by an instrument

executed by the appellant on the 9th of Febru-

ary, 1826, and filed by the appellees, he had

waived any privilege as to every item of his

claim anterior to that date. By this instru- Eastern Dist.<br/>*March* 1829.
ment he had allowed to the appellees a right
of property for a sum of $6000—viz: $720 NOLTE & AL.<br/>*vs.*<br/>their credit's.
for bricks, $2250 paid to workmen, $1500 the
amount of Banks, Miller & Kincaid's note,
and $1530 the amount of a note of Reynolds,
endorsed by Beckman, the last note like the
preceding note having been discounted in or-
der to procure money to pay workmen em-
ployed on the buildings.

The appellant contends that having become
since the proprietor of Banks, Miller & Kin-
caid's note—the instrument relied on is no
longer in his way, as to the amount of said
note—and that he is entitled thereon to the
privilege which the debts paid with its pro-
ceeds have discharged—a principle which the
judgment appealed from has recognized in re-
gard to the note endorsed by Beckman.

We are ignorant of any law which gives to
the party who furnishes money for the payment
of a debt the rights of the creditor who is
thus paid. The legal claim alone belongs not
to all who pay a debt, but only to he who being
bound for it discharges it. The appellant can-
not therefore claim the benefit of a legal sub-

Eastern Dist.
*March*, 1829.

NOLTE & AL.
*vs.*
their credit's.

rogation if he has shown no conventional one, the rights of the creditor paid with his money are therefore absolutely extinguished, and no part of them can be exercised by the appellant.

The document relied on shows indeed that he consented that his claims should be preferred to those then enumerated, but not that the party with whose money they might be discharged, could claim any privilege on the tableau.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Seghers* for appellant.